# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA SHAW,<br>        Plaintiff,<br><br>                v.<br><br>GEICO GENERAL<br>INSURANCE COMPANY,<br>        Defendant. | CV 18-7601 DSF (FFMx)<br><br>Order GRANTING<br>Defendant's Motion for<br>Summary Judgment (Dkt. 23)<br>and DENYING Plaintiff's<br>Motion for Summary<br>Judgment (Dkt. 24). |

   Plaintiff Jessica Shaw and Defendant GEICO General Insurance Company (GEICO) both move for summary judgment. The parties presented a joint statement of undisputed facts. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

## I. Uncontroverted Facts

   In January 2012, GEICO issued Policy No. 4255-88-83-82 (the Policy) to Navid Vafaei-Najafabadi. UF ¶¶ 1, 2, Ex. 1.[1] On April 15, 2015, Shaw was injured when the bicycle she was operating was struck by an automobile driven by Jie Quan. Id. ¶ 4. At the time of the accident, Shaw was Vafaei's fiancée, but was not residing in Vafaei's home. Id. ¶¶ 13, 14.

---

[1] All references to "UF" refer to the Parties' Joint Stipulated Statement of Undisputed Facts. Dkt. 22.

Shaw settled her bodily injury claim with Quan's insurer for the $50,000 liability policy limit.  Id. ¶ 5.  On December 7, 2017, Shaw presented a claim to GEICO for underinsured motorists benefits on Vafaei's Policy.  Id. ¶ 6.  Vafaei's Policy was valid at the time the accident occurred.  Id. ¶ 3.  At the time of the accident, the Policy's declarations page listed Vafaei as the "Named Insured" and Shaw as an "Additional Driver."  Id. ¶¶ 10, 11.

With respect to uninsured motorist coverage, the Policy states:

**LOSSES WE PAY**

Under this coverage, we will pay damages for ***bodily injury*** to an ***insured***, caused by accident which the ***insured*** is legally entitled to recover from the owner or operator of an ***uninsured motor vehicle***, ***underinsured motor vehicle***, or a ***hit-and-run motor vehicle*** arising out of the ownership, maintenance, or use of that motor vehicle.

The amount of the ***insured's*** recovery for these damages will be determined by agreement between the ***insured*** or his representative and us.  The dispute will be arbitrated if an agreement cannot be reached.

Id. ¶ 15.

For uninsured motorist coverage, the term "Insured" is defined as follows:

(a) the individual named in the declarations and his or her spouse;

(b) ***relatives*** of (a) above if residents of his household;

(c) any other person while ***occupying*** an ***owned auto***;

2

> (d) any person who is entitled to recover damages
> because of ***bodily injury*** sustained by an ***insured***
> under (a), (b), and (c) above.
>
> If there is more than one ***insured***, our limits of liability will
> not be increased.

<u>Id.</u> ¶ 16.  Quan's vehicle is an "underinsured motor vehicle" under the Policy's definitions.  <u>Id.</u> ¶ 17.

GEICO investigated Shaw's claim and declined to provide uninsured motorist benefits on the ground that Shaw was not an "Insured" under the Policy.  <u>Id.</u> ¶ 7.

## II.  Legal Standard

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought.  The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "This burden is not a light one."  <u>In re Oracle Corp. Sec. Litig.</u>, 627 F.3d 376, 387 (9th Cir. 2010).  But the moving party need not disprove the opposing party's case.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  Rather, if the moving party satisfies this burden, the party opposing the motion must set forth specific facts, through affidavits or admissible discovery materials, showing that there exists a genuine issue for trial.  <u>Id.</u> at 323-24; Fed. R. Civ. P. 56(c)(1).  A non-moving party who bears the burden of proof at trial as to an element essential to its case must make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element of the case or be subject to summary judgment.  <u>See</u> <u>Celotex Corp.</u>, 477 U.S. at 322.

"[W]hen parties submit cross-motions for summary judgment, each motion must be considered on its own merits." <u>Fair Hous. Council of Riverside County, Inc. v. Riverside Two</u>, 249 F.3d 1132, 1136 (9th Cir. 2001) (internal quotation marks and brackets omitted). In doing so, the Court must consider the evidence submitted in support of both motions before ruling on each of them. <u>Id.</u>

### III. Discussion

Before the Court is a single question: whether Vafaei's Policy covers Shaw's December 7, 2017 claim.[2]

### A.    California UM/UIM Law and Vafaei's Policy

California law requires insurers to provide uninsured/ underinsured motorist (UM/UIM) coverage. <u>See</u> Cal. Ins. Code § 11580.2. Included as "insured" persons under the statute are: (1) "the named insured and the spouse of the named insured and, while residents of the same household, relatives of either while occupants of a motor vehicle or otherwise," and (2) "any other person while in or upon or entering into or alighting from an insured motor vehicle." <u>Id.</u> § 11580.2(b). The statute defines "named insured" as "only the individual or organization named in the declarations of the policy of motor vehicle bodily liability insurance . . . ." <u>Id.</u>

In defining "insured," the Policy refers to "*the individual named in the declarations* and his or her spouse." UF ¶ 16 (emphasis added). By doing so, the Policy slightly deviates from the statutory language, using "individual named in the declarations" instead of "named insured." Shaw argues that this deviation from

---

[2] The parties agree that the substantive law of California applies, including California's rules on interpreting insurance policies. <u>See</u> <u>Med. Lab. Mgmt. Consultants v. Am. Broad. Comps., Inc.</u>, 306 F.3d 806, 812 (9th Cir. 2002).

the statutory language creates an ambiguity, broadening the scope of the Policy's coverage to include her.  GEICO argues the Policy's language is unambiguous, tracks the statute, and therefore does not cover Shaw's claim.

## B.    Interpreting Insurance Policies

The interpretation of an insurance policy presents a question of law.  Waller v. Truck Ins. Exch., Inc., 11 Cal. 4th 1, 18 (1995). "Where a case turns on the interpretation of an insurance policy, the court reviews the policy's terms under the ordinary rules of contract interpretation."  Mercury Ins. Co. v. Pearson, 169 Cal. App. 4th 1064, 1070 (2008) (citing Bank of the West v. Superior Court, 2 Cal. 4th 1254, 1264 (1992)).

"[P]olicy terms must be construed in the context of the whole policy and the circumstances of the case . . . ."  Forecast Homes, Inc. v. Steadfast Ins. Co., 181 Cal. App. 4th 1466, 1475 (2010) (quoting Vons Cos., Inc. v. U.S. Fire Ins. Co., 78 Cal. App. 4th 52, 58 (2000)).  "If the policy language is clear and explicit, it governs."  Mercury Ins. Co., 169 Cal. App. 4th at 1070 (citing Bank of the West, 2 Cal. 4th at 1264).  But if "the policy language is ambiguous or uncertain, the court must attempt to determine whether coverage is consistent with the insured's objectively reasonable expectations."  Id. (citing Bank of the West, 2 Cal. 4th at 1265).  "If this rule does not resolve the ambiguity, it must be resolved against the insurer."  Id. (citing Bank of the West, 2 Cal. 4th at 1265).

But the rule that ambiguity is resolved against the insurer "does not apply" where "the language is that of the Legislature." Interinsurance Exch. v. Marquez, 116 Cal. App. 3d 652, 656 (1981).  Rather, California law dictates that courts apply the rules of statutory construction, construing the policy provision "to

5

implement the intent of the Legislature." <u>Prudential-LMI</u>
<u>Commercial Ins. v. Superior Court</u>, 51 Cal. 3d 674, 684 (1990).

## C.    Analysis

GEICO argues that the Policy's definition of "Insured" is
unambiguous.  Specifically, GEICO argues that the Policy's use of
"the individual"—rather than "an individual"—must refer to a
single person.  Under its reading, the only reasonable
interpretation is that "the individual named in the declarations"
refers to Vafaei, the Named Insured.  Shaw argues that the use of
"the individual named in the declarations" broadens the policy,
and that it should be interpreted as including Shaw's claim.

The Court first considers whether the Policy tracks the
statutory language.  One California court suggested that for
language to track statutory language it must be "substantially
identical."  <u>See</u> <u>Blue Shield of Cal. Life & Health Ins. Co. v.</u>
<u>Superior Court</u>, 192 Cal. App. 4th 727, 737 (2011).  Another
stated: "We know of no authority . . . which states that in order to
be found in conformance with a given statute, an insurance policy
must adopt the specific language of that legislation."  <u>McGreehan</u>
<u>v. Cal State Auto. Ass'n</u>, 235 Cal. App. 3d 997, 1004 (1992)
(finding the terms at issue were "virtually interchangeable").

Here, the Policy tracks the statute except that in place of the
statutory term "named insured" the Policy uses "the individual
named in the declarations."  Section 11580.2(b) defines "named
insured" as "only the individual or organization named in the
declarations of the policy of motor vehicle bodily liability
insurance . . . ."  GEICO essentially substituted the definition of
"named insured" into the Policy in place of "named insured."  The
Court finds the Policy's language tracks § 11580.2.

Shaw concedes that the statutory language of § 11580.2(b)
would have excluded her from coverage.  Dkt. 24 (Shaw Mot.), at

7; see also Mercury Ins. Co., 169 Cal. App. at 1071 (holding that a person listed as an "additional driver" was excluded from UM/UIM coverage where the policy at issue tracked Cal. Ins. Code § 11580.2).

Interpreting the Policy to implement the intent of the Legislature, the Court finds that the Policy does not cover Shaw's claim.  GEICO is entitled to summary judgment.

## IV.  Conclusion

GEICO's motion for summary judgment is GRANTED.  Shaw's motion for summary judgment is DENIED.

IT IS SO ORDERED.


Date: June 4, 2019

Dale S. Fischer
United States District Judge